■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ORTIZ, Appellant.—Judgment of the Supreme Court, Bronx County (Joseph A. Cerbone, J., at jury trial and sentence; Howard Goldfluss, J., on severance motion), rendered November 3, 1988, convicting defendant of two counts of attempted murder in the first degree (Penal Law §§ 110.00, 125.27), assault in the second degree (Penal Law § 120.05 [3]), and criminal possession of a weapon in the third degree (Penal Law § 265.02) and sentencing him to two consecutive terms of 20 years to life on each count of attempted murder, to run concurrently to two concurrent terms of 2 to 6 years on the remaining counts, unanimously affirmed.

The record reveals that defendant's conviction for attempted murder (two counts) was supported by overwhelming evidence. Defendant shot at two police officers, who were seated in a patrol car, at point-blank range. These officers provided clear description of defendant, who was apprehended shortly afterward, and identified in a lineup. An off-duty correction officer also witnessed the shooting, and made an in-court identification of defendant. A gun was recovered from defendant which was connected with the shooting by forensic evidence. Live rounds were recovered from the vicinity in which defendant was apprehended, apparently hidden, and further physical evidence was recovered from the crime scene.

The assault charges arose out of defendant's assault, while in custody, of a detective just prior to a scheduled lineup. Defendant sought to leave the room and, when stopped by the detective, slashed at him with a wooden placard, severing an artery. In his pretrial omnibus motion, defendant moved to sever the charges. The motion court specifically deferred this application to the trial court. Defendant never renewed the severance application, and the trial court never ruled on it. During trial defendant never objected to testimony concerning the assault of the detective on any basis, let alone on a

severance theory. Accordingly, defendant has waived his claim for review as a matter of law (CPL 470.05 [2]). In any event, the offenses would have been properly joinable pursuant to CPL 200.20 (2) (b), (c).

Nor has defendant preserved any claim that the court failed to provide a nonaggregation charge. Defendant never requested such a charge, and in any event defendant has not demonstrated that the court's instructions to the jury otherwise failed to apprise the jury of the salient legal principle, i.e., that evidence as to each charge must be separately considered. Concur—Murphy, P. J., Kupferman, Rosenberger, Kassal and Ellerin, JJ.